**Salustia CORTEZ–FELIPE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70541.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2001*

Filed April 2, 2001

---

* The panel unanimously finds this case suitable for decision without oral argument. Federal Rules of Appellate Procedure 34(a)(2).

Before: REINHARDT, WARDLAW, and GOULD, Circuit Judges.

RONALD M. GOULD, Circuit Judge:

On April 25, 1997, the Immigration and Naturalization Service ("INS") filed a Notice to Appear ("NTA") with the Immigration Court charging Salustia Cortez–Felipe ("Petitioner") with removability pursuant to section 212(a)(6)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A), as an alien within the United States without being admitted. On January 26, 1998, Petitioner admitted to the allegations in the NTA and conceded removability but moved to reinstate a previously issued Order to Show Cause ("OSC") and terminate removal proceedings. An Immigration Judge ("IJ") found Petitioner removable and granted voluntary departure. Petitioner appealed to the Board of Immigration Appeals ("BIA") arguing that she should have been charged as deportable, not removable. On April 6, 1999, the BIA dismissed Petitioner's appeal. Petitioner argues that (1) she was improperly placed in removal proceedings; and (2) this court should provide equitable relief by staying Petitioner's removal and ordering her processed in deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252(b) and deny the petition.

Jerry Kagele, Kagele Law Offices, Spokane, Washington, for the petitioner.

David W. Ogden, Acting Assistant Attorney General; Norah Ascoli Schwarz, Senior Litigation Counsel, Office of Immigration Litigation; Donald A. Couvillon, Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., for the respondent.

## STATUTORY BACKGROUND

The amendments to the INA in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 110 Stat. 3009–625 became effective on April 1, 1997. *See, e.g., Astrero v. INS*, 104 F.3d 264, 266 (9th Cir.1996) (holding that IIRIRA's amendments could not be applied

before IIRIRA's effective date of April 1, 1997).

Before April 1, 1997, deportation proceedings commenced upon filing of an OSC and notice of hearing.[1] An alien placed in deportation proceedings could apply for "suspension of deportation"—a discretionary form of relief—under INA section 244, 8 U.S.C. § 1254 (1994). Eligibility for this relief hinged on the ability to demonstrate (1) seven years of continuous physical presence; (2) good moral character; and (3) that deportation would result in "extreme hardship." *Id.*

Effective April 1, 1997, immigration proceedings were no longer initiated with an OSC. Rather, proceedings were to be initiated with a new charging document called a Notice to Appear.[2] OSCs and NTAs serve similar purposes and have nearly identical requirements. *Compare* 8 U.S.C. § 1252b(a)(1) (1994), *with* 8 U.S.C. § 1229(a) (Supp. II 1997).

Also effective April 1, 1997, IIRIRA section 304(a) repealed the "suspension of deportation" discretionary relief provision of INA section 244 and replaced it with INA section 240A, 8 U.S.C. § 1229b (Supp. II 1997) which provides for "cancellation of removal." It is more difficult for an alien to qualify for cancellation of removal than for suspension of deportation.[3]

If an alien's proceedings commenced with an OSC before April 1, 1997, the alien is processed in deportation proceedings. 8 C.F.R. § 240.55. If an alien's proceedings commenced with an NTA on or after April 1, 1997, the alien is processed in removal proceedings. 8 C.F.R. § 239.1(a). In either case, proceedings commence and jurisdiction vests with the IJ upon filing of the charging document. 8 C.F.R. § 3.14(a) (1997).

## FACTS

In late March 1997, anticipating IIRIRA's April 1, 1997 amendments to the INA, including more stringent requirements for discretionary relief, Petitioner's counsel set an appointment for Petitioner with the INS. On March 27, 1997, the INS processed and served Appellant with an OSC. According to Petitioner's counsel, the INS said that it would fax Petitioner's files to Seattle so the files would arrive in time to be filed with the Immigration Court before the April 1, 1997 deadline. However, Petitioner's counsel asserts that on or about April 16, 1997, the INS informed him that Petitioner's OSC had not been timely filed with the Immigration Court. Instead, on April 10, 1997, the INS served Petitioner with an NTA.

## DISCUSSION

To the extent Petitioner presents "an abstract legal question concerning the effect, if any, of a served but unfiled OSC" our review is de novo. *Costa v. INS*, 233 F.3d 31, 34 (1st Cir.2000) (discussing and denying a petition factually and legally similar to that presented here).

### 1. Proper dismissal

The BIA correctly dismissed Petitioner's appeal. The INS served Petitioner with an OSC before IIRIRA's effective date,

---

1. Former INA section 242B(a)(1), 8 U.S.C. § 1252b(a)(1) (1994), was the statutory authority for issuing OSCs.

2. IIRIRA section 308(b)(6) eliminated INA section 242B(a)(1) and replaced it with INA section 239(a), 8 U.S.C. § 1229(a) (Supp. II 1997), entitled "Notice to Appear."

3. For example, cancellation of removal increased the continuous physical presence requirement from seven to ten years. IIRIRA § 304(a)(3).

but did not file it. Deportation proceedings did not commence under the law as it existed before IIRIRA's effective date. 8 C.F.R. § 3.14(a) ("[P]roceedings ... commence, when a charging document is filed with the Immigration Court by the Service."); *El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review,* 959 F.2d 742, 749 (9th Cir.1992) ("A deportation proceeding commences with the filing of an order to show cause."); *Costa,* 233 F.3d at 34. Rather, the INS served Petitioner with an NTA and filed the NTA after IIRIRA's effective date, properly commencing removal proceedings. 8 C.F.R. § 239.1(a) ("Every removal proceeding ... to determine the deportability ... of an alien is commenced by the filing of a notice to appear with the Immigration Court.").

■ Petitioner argues that, upon her request, and because of the INS's verbal assurances, the INS should have filed her OSC before April 1, 1997, and that its failure to do so entitles her to relief. We disagree. The Attorney General has discretion regarding when and whether to initiate deportation proceedings. *Yao v. INS,* 2 F.3d 317, 319 (9th Cir.1993) ("As a matter of statutory authority and administrative discretion, the INS is free to decide not to commence deportation proceedings...."); *Cabasug v. INS,* 847 F.2d 1321, 1324 (9th Cir.1988) ("[T]he Attorney General retains discretion at the stage of deciding to initiate a deportation proceeding."). The IJ and BIA lack authority to review that exercise of discretion. *Barahona–Gomez v. Reno,* 236 F.3d 1115, 1119–20 (9th Cir.2001); *Lopez–Telles v. INS,* 564 F.2d 1302, 1304 (9th Cir.1977) ("The immigration judge is not empowered to review the wisdom of the INS in instituting the proceedings. His [or her] powers are sharply limited...."); *In Re G–N–C,* Interim Decision (BIA) 3366, 1998 WL 646918 (BIA 1998) (decision to institute deportation proceedings involves exercise of prosecutorial discretion and is not a decision that the IJ or BIA may review).

■ Finally, Petitioner asserts that INS delay and verbal assurances estopped the INS from processing her in removal proceedings. To be sure, equitable estoppel is applicable to deportation proceedings if, in failing to initiate proceedings promptly, the INS engaged in affirmative misconduct. *Santiago v. INS,* 526 F.2d 488, 491–92 (9th Cir.1975) (en banc). However, such a conclusion is not lightly inferred. For example, when the only evidence of INS negligence was an 18–month delay in processing an application, the United States Supreme Court has held that "[a]lthough the time was indeed long, [it could not] say in the absence of evidence to the contrary that the delay was unwarranted." *INS v. Miranda,* 459 U.S. 14, 18, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982).

■ Here, Petitioner's counsel asserts that the INS failed to file Petitioner's OSC by April 1, but had told her it would do so on March 27. Even if proven, that failure at most reflects negligence on the part of the INS and not affirmative misconduct. *See, e.g., Costa,* 233 F.3d at 37 (holding that the INS did not act in bad faith by failing to file an OSC served thirteen days before April 1, 1997). The INS is not estopped from proceeding with Petitioner's removal.

## 2. Equitable relief

■ Petitioner urges us to exercise our equitable powers by staying her removal pending a hearing and issuing an order allowing the OSC to be adjudicated on the merits. Alternatively, Petitioner requests that we entertain the OSC that was served but not filed and adjudicate the merits of Petitioner's suspension of deportation. However, we have no authority to grant the requested relief.

## CONCLUSION

We deny the petition.

**PETITION DENIED.**