Alicia **ELIZALDE–LUGO**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 00–70860.
INS No. A92–520–493.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided Jan. 16, 2002.

---

Before HUG, D.W. NELSON, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Alicia Elizalde–Lugo seeks judicial review of a final order of removal issued by the Board of Immigration Appeals. During removal proceedings, Petitioner admitted the INS' charges against her, conceded that she was subject to removal, and applied for suspension of deportation and cancellation of removal. The Immigration Judge denied her applications for relief. Specifically, the Immigration Judge found that her application for cancellation of removal was incomplete and he rejected her request for a continuance in order to submit additional evidence. The Board dismissed Elizalde Lugo's appeal of the Immigration Judge's decision, and this petition for review followed.

We have jurisdiction under section 242 of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1252, and we affirm. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here except as necessary to explain our decision.

██ We review de novo the BIA's determination of purely legal questions regarding the requirements of the INA. *See*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Fisher v. INS,* 79 F.3d 955, 961 (9th Cir. 1996) (en banc). In addition, the decision whether to grant a continuance is committed to the sound discretion of the Immigration Judge, *see Rios–Berrios v. INS,* 776 F.2d 859, 862 (9th Cir.1985), and as such, "it will not be overturned except on a showing of clear abuse." *De La Cruz v. INS,* 951 F.2d 226, 229 (9th Cir.1991) (citing *Rios–Berrios, supra* ).

A. Suspension of Deportation vs. Cancellation of Removal

Elizalde–Lugo alleges that the INS became aware of her status as an illegal alien on April 1, 1996. Had the INS instituted removal proceedings at that time, Elizalde–Lugo, who had been physically present in the country for seven years, would have been eligible to apply for the discretionary "Suspension of Deportation." *See* INA § 244(a) (1994), 8 U.S.C. § 1254(a)(1994).

However, with the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Congress replaced § 244(a) with a more limited form of discretionary relief called "Cancellation of Removal." *See* INA § 240A; 8 U.S.C. § 1229b. Under this new provision, the alien must have been physically present in the U.S. for "a continuous period of not less than 10 years" *See* INA § 240A(b)(1)(A); 8 U.S.C. § 1229b(b)(1)(A). In addition,.the period of continuous residence ends once the alien is served a Notice to Appear. *See* INA § 240A(d)(1); 8 U.S.C. § 1229b(d)(1).

Elizalde–Lugo admitted in her pleadings and in her application for suspension of deportation that she entered the U.S. for the first time in May 1988. In October 1997, the INS commenced removal proceedings against Elizalde–Lugo, charging in a Notice to Appear that she was subject to removal for failing to comply with the terms of her nonimmigrant visa. Under the new statutory provision, Elizalde–Lugo cannot meet the ten years of continuous physical presence requirement.

Elizalde–Lugo objects to the application of the new statute on grounds of equitable estoppel and also argues that it may not be applied retroactively to her case

1. *Equitable Estoppel*

This Court has held on numerous occasions, in the context of INS cases such as this one, that "[t]he doctrine of equitable estoppel applies against the government only if it engages in affirmative misconduct going beyond mere negligence." *Sulit v. Schiltgen,* 213 F.3d 449, 454 (9th Cir.2000); *See also Cortez–Felipe v. INS,* 245 F.3d 1054, 1057 (9th Cir.2001).

■ The only wrongful conduct alleged by Elizalde–Lugo was the INS' failure to inform her of the impending change in law coupled with a failure to initiate deportation proceedings more promptly. However, under *Cortez–Felipe,* such conduct does not rise to the level of affirmative misconduct.

In *Cortez–Felipe,* an alien "anticipating IIRIRA's April 1, 1997 amendments to the INA" contacted the INS. *Id.* at 1056. The alien stated that the INS had given him verbal assurances of an intention to file the Order to Show Cause prior to the effective date of IIRIRA. *Id.* However, the INS failed to do so, subjecting Cortez–Felipe to the more harsh requirements of IIRIRA. *Id.* Cortez–Felipe challenged this action. In ruling, this Court stated that "[e]ven if proven, [the INS'] failure [to file prior to the effective date] at most reflects negligence on the part of the INS and not affirmative misconduct." *Id.* at 1057. Under *Cortez–Felipe,* then, even if the INS had promised Elizalde–Lugo that deportation proceedings would be commenced prior to the effective date of IIRIRA, she would still have no remedy for the INS' failure to honor that promise.

Here, however, the INS' actions, as alleged by Elizalde–Lugo, are even less egregious. Elizalde–Lugo does not allege that the INS made any such promises; her only complaint is that the INS waited nine months[1] to file the charging document with the court.[2] Under *Cortez–Felipe*, Elizalde–Lugo's argument fails.

### 2. Retroactivity

Secondly, Elizalde–Lugo argues that IIRIRA's Cancellation of Removal standards may not be applied retroactively to her case, under the transitional rules. However, the transitional rules are immaterial to this appeal. The IIRIRA's transitional rules apply to immigration proceedings that began before IIRIRA's effective date by the filing of an Order to Show Cause in the Immigration Court. IIRIRA §§ 309(a), 309(c)(1), 309(c)(5), and 8 C.F.R. §§ 3.13, 3.14 (2000). The INS placed Elizalde–Lugo in removal proceedings after IIRIRA's effective date, April 1, 1997. Accordingly, the transitional rules simply do not apply.

### B. Continuances

In the present case, Elizalde–Lugo requested a continuance in order to gather and present evidence that she had maintained a continuous presence in the United States prior to 1988. Elizalde–Lugo argues that, by denying this continuance, the Immigration Judge abused his discretion. However, Petitioner admitted at her initial hearing, in her application for cancellation of removal, and in her brief that she entered the U.S. for the first time in 1988. Accordingly, Elizalde–Lugo's claim that the Board erred in upholding the Immigration Judge's decision not to continue the hearing is without merit.

For the foregoing reasons, and in particular this Court's decision in *Cortez–Felipe*, the BIA's decision is AFFIRMED.

---

**1.** This delay, by itself, also does not rise to the level of affirmative misconduct. The Supreme Court held, in the context of an 18–month delay, that "although the time was indeed long, [it could not say] in the absence of evidence to the contrary that the delay was unwarranted." *INS v. Miranda*, 459 U.S. 14, 18, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982).

**2.** In addition, the Attorney General has discretion regarding when and whether to initiate deportation proceedings. *Cortez–Felipe*, 245 F.3d at 1057 (citing *Yao v. INS*, 2 F.3d 317, 319 (9th Cir.1993)).

