**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ROMMEL VILLANUEVA-HERRERA,
                    *Petitioner,*

v.

JOHN ASHCROFT, Attorney General;
U.S. IMMIGRATION & NATURALIZATION
SERVICE,

                    *Respondents.*

No. 01-2415

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A74-864-246)

Submitted: April 3, 2002

Decided: May 1, 2002

Before WIDENER, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Hakeem Ishola, ISHOLA & ASSOCIATES, P.C., Katy, Texas, for
Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, John
J. Andre, Senior Litigation Counsel, Shelley R. Goad, Office of
Immigration Litigation, Civil Division, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Respondents.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Rommel Villanueva-Herrera, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal. Villanueva-Herrera claims to have "surrendered himself" to the Immigration and Naturalization Service for deportation proceedings in early 1997, when he was statutorily eligible for suspension of deportation. The INS did not institute removal proceedings against him until after April 1, 1997, at which point the law changed and he was no longer eligible for suspension of deportation. Villanueva-Herrera argues that the INS violated his due process rights when it delayed instituting deportation proceedings against him until he was no longer eligible for suspension of deportation. However, "[t]he Attorney General has discretion regarding when and whether to initiate deportation proceedings," *Cortez-Felipe v. INS*, 245 F.3d 1054, 1057 (9th Cir. 2001), and we lack jurisdiction to review a "decision or action by the Attorney General to commence proceedings . . . ." 8 U.S.C. § 1252(g). We interpret § 1252(g)'s reference to the "decision . . . to commence proceedings" as encompassing the decision of *when* to commence proceedings. *See Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482-85 (1999).

Accordingly, we affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*