**Doroteo AYALA, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 01–71442.

I & NS No. A75–688–286.

United States Court of Appeals, Ninth Circuit.

Submitted March 4, 2002.*

Decided May 14, 2002.

Before SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Doroteo Ayala, a native and citizen of Mexico, has been ordered removed from this country. He petitions for review of that order, arguing that he should be granted suspension of deportation. Because such relief is no longer available, we must reject his argument and deny his petition for review.

Prior to April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), an alien placed in deportation proceedings could apply for suspension of deportation.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

IIRIRA, however, repealed the availability of suspension of deportation and replaced it with cancellation of removal. *See* 8 U.S.C. § 1229b. Ayala concedes that he cannot meet the stringent eligibility requirements for cancellation of removal. Rather, he argues that he has a due process right to apply for suspension of deportation.

We reject his argument. The record indicates that the INS commenced its action against Ayala on March 3, 2000. Removal proceedings apply whenever the "alien's proceedings commenced ... on or after April 1, 1997...." *See Cortez–Felipe v. INS,* 245 F.3d 1054, 1056 (9th Cir. 2001). We have held that application of IIRIRA "to bar the prospective relief of suspension of deportation does not offend due process." *See Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001). Finally, although certain aliens may have preserved by plea agreement the right to apply for suspension of deportation, *see INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), there is no plea agreement in this case or other evidence of a reservation of rights. Accordingly, we conclude that Ayala is not entitled to suspension of deportation.

PETITION FOR REVIEW DENIED.