**Alfredo RAMOS–GARCIA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71203.
I & NS No. A75–486–794.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2002.*

Decided May 14, 2002.

Before LAY,** CANBY, and PAEZ, Circuit Judges.

MEMORANDUM ***

Petition to Review a Decision of the Immigration and Naturalization Service

Alfredo Ramos–Garcia is a native and citizen of Mexico. He entered the United States around the end of January 1986 and filed an application for asylum in April 1997. That application was rejected, and the Immigration and Naturalization Service ("INS") filed a Notice to Appear ("NTA") with the Immigration Court on June 13, 1997. Ramos–Garcia appeared before the court with his mother who was in similar removal proceedings. In a decision dated May 18, 1998, the Immigration Judge ("IJ") ordered Ramos–Garcia removed to Mexico and granted him volun-

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tary departure. He appealed the decision to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision without opinion on June 21, 2001.[1]

Ramos–Garcia's sole contention before this court is that he was "in the pipeline" when the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104–208, 110 Stat. 3009 (Sept. 30, 1996), became effective in April 1997. We have explained the basic difference between proceedings initiated before and after the effective date of IIRIRA as follows:

> If an alien's proceedings commenced with an [Order to Show Cause] before April 1, 1997, the alien is processed in deportation proceedings. 8 C.F.R. § 240.55. If an alien's proceedings commenced with an NTA on or after April 1, 1997, the alien is processed in removal proceedings. 8 C.F.R. § 239.1(a). In either case, proceedings commence and jurisdiction vests with the IJ upon filing of the charging document. 8 C.F.R. § 3.14(a) (1997).

*Cortez–Felipe v. INS*, 245 F.3d 1054, 1056 (9th Cir.2001). Additionally, the IIRIRA repealed the "suspension of deportation" discretionary relief provision in § 244 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1254 (1994), and replaced it with § 240A, 8 U.S.C. § 2229b, providing for "cancellation of removal." *See* IIRIRA §§ 304(a)(3), 308(b)(7); *Cortez–Felipe*, 245 F.3d at 1056. It is more difficult to qualify for cancellation of re-

moval than it is to qualify for suspension of deportation. *Id.* Ramos–Garcia argues the INS's delay in filing the NTA (therefore commencing the proceedings) denied him the opportunity to apply for suspension of deportation. He contends this delay violated his right to due process.

Assuming Ramos–Garcia is able to demonstrate that applying the relevant IIRIRA amendments to his case would be impermissibly retroactive because it would disrupt his settled expectations for relief,[2] his claim must still fail. The proceedings commenced-for the purpose of the INA and corresponding regulations-upon filing of the charging document. *Id.;* 8 C.F.R. § 3.14(a). Consequently, it is irrelevant whether or not Ramos–Garcia was "in the pipeline" prior to the IIRIRA's effective date because the NTA was filed in June 1997. The IIRIRA, however, became effective on April 1, 1997. *Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997); IIRIRA § 309(a), 8 U.S.C. § 1101 (History). Moreover, in his brief to this court, Ramos–Garcia indicates he applied for asylum in April 1997. The result would be no different if filing the asylum petition did commence proceedings. Ramos–Garcia would still be subject to removal rather than deportation proceedings. *See Cortez–Felipe*, 245 F.3d at 1056 (stating the IIRIRA amendments apply if the proceedings commenced *"on or after* April 1, 1997") (emphasis added). Even under his own theory, he entered the "pipeline" too late

---

1. The IJ's decision, therefore, constitutes the final agency determination. *See* 8 C.F.R. § 3.1(a)(7).

2. We need not decide whether Ramos–Garcia has made such a showing, but we express doubt that he could do so. For instance, in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court held that applying certain portions of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA") and IIRIRA to aliens who had given up rights (by pleading guilty to criminal charges) in reliance upon the INA as it existed prior to AEDPA and IIRIRA's enactment would have "an obvious and severe retroactive effect." *Id.* at 325, 121 S.Ct. 2271. Here, however, Ramos–Garcia was not induced by the INS to take any action to his detriment in reliance on the potential relief of suspension of deportation.

to apply for suspension of deportation under prior law and, therefore, can show no detrimental delay on the part of the INS. Accordingly, we hold the BIA correctly affirmed the IJ's order.

PETITION DENIED.