**Antonio MORALES–RAMIREZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 00–70781.**

**I & NS No. A76–269–130.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2001.*

Decided May 30, 2002.

Before T.G. NELSON, and W. FLETCHER, Circuit Judges, and A. AIKEN,** District Judge.

**MEMORANDUM \*\*\***

Antonio Morales–Ramirez seeks review of the BIA's order of removal, arguing that

---

\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable Ann L. Aiken, United States District Judge for the District of Oregon, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the

the BIA erred by not adjudicating his request for suspension of deportation and by not granting his requests for political asylum and withholding of removal. We agree with the BIA that Morales–Ramirez is ineligible to apply for suspension of deportation and that he failed to establish his eligibility for either asylum or withholding of removal. Accordingly, we deny his petition for review.

## DISCUSSION

### 1. *Suspension of Deportation*

Morales–Ramirez argues that because he surrendered himself to the INS prior to April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), he should be permitted to apply for suspension of deportation under pre-IIRIRA law. Recent decisions, however, foreclose that argument. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594 (9th Cir.2002) (holding there is no jurisdiction to review the timing of the INS's initiation of proceedings and that IIRIRA applies to an alien who surrendered herself prior to the effective date); *Cortez–Felipe v. INS,* 245 F.3d 1054, 1057 (9th Cir.2001) (holding that this court lacks authority to estop the INS from applying IIRIRA to alien who sought to surrender herself prior to the effective date).

### 2. *Asylum/Withholding of Removal*

Morales–Ramirez sought asylum and withholding of removal based on a fear of future persecution. He testified that he fled Mexico because a neighbor family harassed and threatened members of his family and may have murdered his uncle and his brother. The Immigration Judge (IJ) credited Morales–Ramirez's testimony, but nonetheless rejected the claim on the ground that Morales–Ramirez could "relocate to another area of Mexico, a very large country with millions of people, and live there in safety, without fear . . . ." We agree with this reasoning. When there has been no showing of past persecution and no allegation of future persecution by the government, the possibility of the alien relocating away from the alleged harm is sufficient to deny asylum. *See Singh v. Ilchert,* 63 F.3d 1501, 1511 (9th Cir.1995); *Singh v. Moschorak,* 53 F.3d 1031, 1034 (9th Cir.1995); *Cuadras v. INS,* 910 F.2d 567, 571 n. 2 (9th Cir.1990); *Quintanilla–Ticas v. INS,* 783 F.2d 955, 957–58 (9th Cir.1986).

Morales–Ramirez argues that he could have overcome the IJ's reasoning if his sister had been permitted to testify regarding her personal knowledge of the persecution of their family. He argues that the IJ's refusal to accept his sister's testimony constitutes a denial of his "right to a full and fair hearing" in violation of due process. We conclude, however, that Morales–Ramirez was not prejudiced by whatever error may have occurred. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). The record indicates that the sister's testimony would have only corroborated Morales–Ramirez's testimony that was fully credited by the IJ. Accordingly, there has been no showing that "the outcome of the proceedings may have been affected by the alleged violation." *See id.* Accordingly, we reject Morales–Ramirez's due process claim.

**PETITION DENIED.**

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.