Oscar MUNGARRO–CORONADO,
Petitioner,

v.

IMMIGRATION and NATURALIZATION SERVICE; John Ashcroft,
Attorney General, Respondents.

No. 01–70218.
I & NS No. A71–619–084.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Submission Withdrawn March 1, 2002.

Resubmitted May 22, 2002.

Decided May 31, 2002.

Before THOMPSON, W. FLETCHER,
and BERZON, Circuit Judges.

## MEMORANDUM *

Petitioner Oscar Mungarro–Coronado, a native and citizen of Mexico, petitions for review from the BIA's decision finding him statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(a), because he lacked the ten years of continu-

ous presence required under the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) prior to being served with a Notice to Appear (NTA). Petitioner had turned himself into the INS and was issued an Order to Show Cause (OSC) on February 10, 1997, approximately 8½ years after he entered the United States. The OSC was never filed with the immigration court, and on June 6, 1997, the INS served a NTA and placed petitioner in removal proceedings. Petitioner contends he is entitled to the benefit of suspension of deportation relief under pre-IIRIRA law.

Under IIRIRA's transitional rules, pre-IIRIRA law applies to aliens "in exclusion or deportation proceedings as of [April 1, 1997]." IIRIRA § 309(c)(1). Thus, the first issue is whether deportation proceedings were commenced when the INS served petitioner with the OSC in February 1997 or when the INS filed the NTA with the immigration court in June 1997. We answered this precise question in *Cortez–Felipe v. INS,* 245 F.3d 1054, 1056–57 (9th Cir.2001), finding that deportation proceedings commence upon filing, not service, of the OSC. Thus, deportation proceedings against petitioner did not commence prior to April 1, 1997, and suspension of deportation relief is not available.

Further, we do not find that subjecting petitioner to the permanent rules under IIRIRA has an impermissible retroactive effect. As we recently held in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594 (9th Cir.2002), the Supreme Court's retroactivity holding in *St. Cyr v. INS,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), does not apply to cases in which illegal aliens turned themselves in to the INS prior to April 1, 1997, the effective date of IIRIRA, hoping that the INS would commence proceedings against them prior to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

April 1, thereby allowing them the benefit of pre-IIRIRA law.

Finally, petitioner objects under the Administrative Procedure Act to a memorandum from the Office of the Chief Immigration Judge precluding the filing after March 31, 1997 of OSCs issued under pre-IIRIRA law. But there is no indication that the INS had any desire to prosecute petitioner under the old OSC or pre-IIRIRA law. Petitioner therefore fails to show any causal connection between the allegedly invalid memorandum and petitioner's injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Thus we do not reach the merits of this claim.

PETITION DENIED.