## Rosalia F. HERNANDEZ; et al., Petitioners,

v.

## John D. ASHCROFT, Attorney General, Respondent.

Nos. 02–70976, INS A75–623–555, INS A75–623–556, INS A75–613–774.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Rosalia F. Hernandez and her two children, natives and citizens of Mexico, petition pro se for review of the decision of the Board of Immigration Appeals affirming an immigration judge's denial of their application for cancellation of removal. We have jurisdiction to review their constitutional challenge. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 597 (9th Cir.2002). We deny the petition for review.

Petitioners' sole contention on appeal is that placing them in removal rather than deportation proceedings violated equal protection. We disagree. Petitioners were served with a Notice to Appear after April 1, 1997. Accordingly, the permanent rules of the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA") apply. *Cf. Cortez–Felipe v. INS,* 245 F.3d 1054, 1056 (9th Cir.2001) (recognizing that aliens whose proceedings are commenced with a "Notice to Appear" on or after April 1, 1997 are subject to removal proceedings under IIRIRA, while aliens whose proceedings were commenced with an "Order to Show Cause" before April 1, 1997 were subject to deportation proceedings under prior law). Congress' decision to set April 1, 1997 as the effective date on which the new removal procedures were to take effect is not "wholly irrational." *Cf. Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1164–65 (9th Cir.2002) (holding con-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gressional cut-off date for filing applications for asylum to be rational and not violative of equal protection).

PETITION FOR REVIEW DENIED.