Pedro ROJAS–GONZALEZ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72376.

Agency No. A93–227–359.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 23, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

548

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Pedro Rojas–Gonzalez, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals affirming an immigration judge's decision finding him removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and granting him voluntary departure. Rojas–Gonzalez contends that the government improperly placed him in removal proceedings and that, instead, he should have been placed in deportation proceedings under the law as it existed prior to enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 110 Stat. 3009–625. We have jurisdiction pursuant to 8 U.S.C. § 1252(b). We review de novo, *Cortez–Felipe v. INS*, 245 F.3d 1054, 1056 (9th Cir.2001), and deny the petition.

Rojas–Gonzalez's contention is foreclosed by our decision in *Cortez–Felipe*. *See id.* at 1056–57 (holding that petitioner was properly placed in removal proceedings where the government served her with an order to show cause before IIRIRA's effective date but did not file it with the immigration court and subsequently served and filed a notice to appear after IIRIRA's effective date).

Moreover, equitable estoppel does not apply because Rojas–Gonzalez has not shown that the Immigration and Naturalization Service ("INS") engaged in affirmative misconduct. *See INS v. Miranda*, 459 U.S. 14, 17–18, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982) (no affirmative misconduct where the INS failed to act on an alien's application for permanent residence status for 18 months, during which time the alien lost eligibility for such status); *Cortez–Felipe*, 245 F.3d at 1057 (rejecting equitable estoppel claim where petitioner failed to show affirmative misconduct by the INS).

PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.