Sara ORTEGA DE PINON, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 02–72283.
Agency No. A76–659–573.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2003.*

Decided Dec. 10, 2003.

* This panel unanimously finds this case suit-
able for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Carlos A. Batara, San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, Anh–Thu P. Mai, Office of Immigration Litigation, Civil Division, Washington, DC, for Respondent.

Before PREGERSON, COWEN,** and W. FLETCHER, Circuit Judges.

MEMORANDUM ***

Sara Ortega de Pinon petitions for review from a final order of removal issued by the Board of Immigration Appeals. The Board affirmed, without opinion, the decision of the immigration judge denying Ortega's application for cancellation of removal.

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.
*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Under Section 242(g) of the Immigration and Nationality Act, 8 U.S.C. § 1252(g), we have no jurisdiction to review Ortega's challenges to "pre-commencement" actions of the Immigration and Naturalization Service (INS).[1] *Jimenez–Angeles v. INS,* 291 F.3d 594, 599 (9th Cir.2002) (holding that we lack jurisdiction over INS decisions about whether and when to commence removal proceedings). To the extent we have jurisdiction to review her other claims, we deny her petition.

Under *Cortez–Felipe v. INS,* 245 F.3d 1054, 1057 (9th Cir.2001), Ortega has not shown affirmative misconduct sufficient to justify equitable estoppel by alleging a ten-month delay between the date she filed her application and commencement of removal proceedings against her.

Placing her in removal rather than deportation proceedings did not violate due process. *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001); *Jimenez–Angeles,* 291 F.3d at 600. Nor did it violate due process for the Immigration Judge to deny discovery during her removal proceedings, because the absence of discovery did not make it "so fundamentally unfair that the alien was prevented from reasonably presenting [her] case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).

Ortega's equal protection challenges also fail because IIRIRA's effective date is not a wholly irrational dividing line between aliens in deportation and aliens in removal proceedings. *See Hernandez–*

1. Although the INS was recently reorganized, we continue to refer to respondent as the INS for convenience, "until new roles under the reorganization are more clearly established." *Hernandez v. Ashcroft,* 345 F.3d 824, n. 2 (9th Cir.2003).

*Mezquita v. Ashcroft,* 293 F.3d 1161, 1163–64 (9th Cir.2002). Aliens who were arrested and placed in deportation proceedings are not similarly situated to aliens who attempted to surrender to the INS, and an equal protection analysis does not apply. *See Chan v. Reno,* 113 F.3d 1068, 1073 (rejecting equal protection challenge because challenged classes were not 'similarly situated'). Finally, it is not wholly irrational for an agency to take longer to process some deportation applications than others. *See Yao v. INS,* 2 F.3d 317, 322 (9th Cir.1993) (reviewing for rational basis an INS policy to initiate deportation proceedings against one group of illegal aliens but not others).

PETITION DENIED.