Maria **FUNEZ–HERNANDEZ,**
Petitioner—Appellant,

v.

Charles H. **DEMORE,** Respondent—
Appellee.

No. 03–15333.
D.C. No. CV–02–03840–JW.

United States Court of Appeals,
Ninth Circuit.

Argued Dec. 1, 2003.

Resubmitted April 5, 2004.

Decided April 8, 2004.

Rhoda Wilkinson Domingo, Law Office of Rhoda Domingo, San Francisco, CA, for Petitioner–Appellant.

Alison E. Daw, USSJ—Office of The U.S. Attorney, San Jose, CA, Edward A. Olsen, USSF—Office of The U.S. Attorney, San Francisco, CA, for Respondent–Appellee.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Petitioner Maria Funez–Hernandez, a native and citizen of Honduras, appeals the district court's denial of her habeas corpus petition seeking to require the INS to adjudicate her application for adjustment of status under 8 U.S.C. § 1255(i). We

have jurisdiction pursuant to 28 U.S.C. § 1291 and *INS v. St. Cyr*, 533 U.S. 289, 298, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). The district court had jurisdiction pursuant to 28 U.S.C. § 2241. *See St. Cyr*, 533 U.S. at 298. We review the district court's denial of the habeas petition de novo, *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir.2002), and affirm.

The INS reinstated a January 1997 deportation order pursuant to 8 U.S.C. § 1231(a)(5). Pursuant to 8 U.S.C. § 1231(a)(5), reinstatement makes an alien ineligible for adjustment of status. Petitioner argues that § 1231(a)(5) is impermissibly retroactive under *St. Cyr* on the theory that she was originally deported before IIRIRA was enacted. We review de novo the issue of whether the statute is impermissibly retroactive. *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599–600 (9th Cir.2002). The reinstatement of petitioner's deportation pursuant to § 1231(a)(5) does not have impermissible retroactive effect because petitioner reentered *after* IIRIRA's effective date. *See Padilla v. Ashcroft*, 334 F.3d 921, 925–26 (9th Cir.2003); *Avila–Macias v. Ashcroft*, 328 F.3d 108, 114 (3rd Cir.2003); *Velasquez–Gabriel v. Crocetti*, 263 F.3d 102, 106–09 (4th Cir.2001).

Petitioner also argues that the INS should be equitably estopped from deporting her under the reinstated order because the INS did not act to carry out the order until four years after it was reinstated and after she had applied for adjustment of status. However, equitable estoppel precludes deportation only if the government engaged in affirmative misconduct. *Cortez–Felipe v. INS*, 245 F.3d 1054, 1057 (9th Cir.2001); *Sulit v. Schiltgen*, 213 F.3d 449, 454 (9th Cir.2000). The government did

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not engage in any misconduct by allowing petitioner to remain in the United States during her son's removal proceedings. Quite the contrary in this case.

AFFIRMED.