Jose Luis **VERDUZCO–MARTINEZ**,
Petitioner,

v.

John **ASHCROFT**, Attorney
General, Respondent.

No. 02–71257.

Agency No. A75–266–472.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.[*]

Decided June 21, 2004.

Antonio Reyna Salazar, Esq., Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Emily A. Radford, Esq., Mark C. Walters, Esq., Greg D. Mack, Esq., Stephen J. Flynn, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**570**

MEMORANDUM<sup></sup>**

Jose Luis Verduzco–Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of his appeal from the Immigration Judge's ("IJ") denial of his request to apply for suspension of deportation despite being in removal proceedings. We dismiss the petition for review.

 We lack jurisdiction to consider the INS's decision regarding the commencement of immigration proceedings. *See* 8 U.S.C. § 1252(g); *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002).

 Verduzco–Martinez's contention that the INS is estopped from processing him in removal proceedings because the INS sent him a letter suggesting that he would be placed in deportation proceedings, and unreasonably delayed in processing his case, is foreclosed by *Cortez–Felipe v. INS*, 245 F.3d 1054, 1058 (9th Cir.2001). Verduzco–Martinez's contention that the BIA's summary affirmance without opinion violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003). We therefore dismiss Verduzco–Martinez's due process claims. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1270–71 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity.")

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Verduzco–Martinez's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc,

to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

