**Virginia O. Rabanales OROZCO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71807.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of The District Counsel Department of Homeland, San Francisco, CA, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Virginia O. Rabanales Orozco, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") orders denying her motion to reopen and summarily affirming of an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation. Because the transitional rules apply, we have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997). We review the BIA's denial of a motion to reopen for abuse of discretion, *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000), and we review adverse credibility determinations for substantial evidence. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999). We deny the petition for review.

Substantial evidence supports the IJ's denial of asylum based on Orozco's demeanor and the inconsistencies between her testimony and asylum application concerning mistreatment by members of the Guatemalan military. *See Wang v. INS,* 352 F.3d 1250, 1257–58 (9th Cir.2003). Because the inconsistencies go to the heart of Orozco's asylum claim, the record does not compel the opposite result. *See id.*

Orozco's contention that the BIA abused its discretion by denying her motion to reopen to seek "repapering" lacks merit because the agency has discretion regarding when and whether to initiate deportation proceedings. *See Cortez–Felipe v. INS,* 245 F.3d 1054, 1057 (9th Cir.2001).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will being to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

