**Edmundo ZUNIGA–ALDAMA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–72234.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 18, 2004.

Christopher J. Stender, Esq., Stender & Associates, Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, U.S. Immigration Service, Phoenix, AZ, Jennifer A. Parker, Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

### MEMORANDUM **

Edmundo Zuniga–Aldama, a native and citizen of Mexico, petitions for review of the dismissal by the Board of Immigration Appeals ("BIA") of his appeal from an immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1105a(a), *Garcia v. INS*, 222 F.3d 1208, 1209 n. 2 (9th Cir.2000) (per curiam), and § 1252(a). We review legal determinations de novo, *Cortez–Felipe v. INS*, 245 F.3d 1054, 1056 (9th Cir.2001), and factual determinations for substantial evidence, *Vera–Villegas v. INS*, 330 F.3d 1222, 1230 (9th Cir.2003). We grant the petition for review, and remand.

Zuniga–Aldama contends that he demonstrated that he was continuously present in the United States for over ten years and was eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(A). His contention is supported by the record. For instance, Zuniga–Aldama and David Hernandez—whom the BIA found testified credibly and consistently—testified that petitioner resided and worked in Arizona during the 1987 to 1989 time period that the IJ found was "in doubt." The IJ erroneously found that Zuniga–Aldama was prima facie ineligible for cancellation because he claimed on his EOIR–42(b) and G–325 forms that he was present in the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

United States since only March 1988. In fact, the EOIR–42(b) form and addendum show that Zuniga–Aldama stated that he arrived in the United States in March 1987, and the G–325 form sought only his addresses in the United States *after* July 14, 1992. The IJ also erred in finding an inconsistency between testimony that Zuniga–Aldama lived in Surprise, Arizona between 1987 and 1989 and a W–2 tax form giving an address in Glendale, because the tax form concerned 1990 or 1991, not the 1987 to 1989 time period. In sum, substantial evidence does not support the BIA's determination that Zuniga–Aldama failed to demonstrate ten years' continuous physical presence. *See Vera–Villegas,* 330 F.3d at 1235.

Because we grant the petition on the continuous physical presence issue, we do not reach Zuniga–Aldama's contention, raised before the IJ and BIA, that he was in deportation rather than removal proceedings. *See* Certified Administrative Record at 134–38, 305–07 (showing that Zuniga–Aldama was in fact in deportation proceedings).

Petitioner's other contentions, including the contention that substantial evidence does not support the BIA's determination that the notice to appear was served on him in June 1997, are without merit.

Consistent with *INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), we remand this matter to the BIA to consider whether Zuniga–Aldama otherwise qualifies for cancellation of removal.

**PETITION FOR REVIEW GRANTED; REMANDED.**