Daniel WASHINGTON, aka
Gigi Badea, Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 03–74336.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted June 10, 2005.

Decided June 24, 2005.

Bart Klein, Esq., Law Offices of Bart Klein, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Allen W. Hausman, Seattle, WA; and RM 700S, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

MEMORANDUM**

Daniel Washington, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's decision finding Washington removable. We have jurisdiction under 8 U.S.C. § 1252(a). When, as here, the BIA affirms the immigration judge's decision without opinion, the immigration judge's decision consti-

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

tutes the final agency determination, subject to this court's review. *Halaim v. INS*, 358 F.3d 1128, 1131 (9th Cir.2004). We review the immigration judge's findings for substantial evidence. *Id.*

Having carefully considered Washington's petition for review, we deny it.

■ Washington contends his removal proceedings should have been terminated because he attained conditional permanent resident status in 1992, but the government thereafter improperly terminated that status. Although the record evidence, including an I–551 approval stamp in Washington's passport, indeed suggests he had made substantial progress toward successful completion of his permanent resident application, we conclude there is substantial evidence in the record to support the immigration judge's factual determination that the application process was terminated before it had been fully completed or formally approved.

■ Washington argues he is entitled to equitable relief because the government improperly terminated his conditional permanent resident application in response to a September 1992 letter to the INS. We disagree. On rare occasions, we may employ principles of equitable estoppel to prohibit the government from removing an alien when the government has engaged in "affirmative misconduct." *Salgado–Diaz v. Ashcroft*, 395 F.3d 1158, 1165 (9th Cir. 2005). We have found such affirmative misconduct in a variety of situations. *Id.* at 1166 (government estopped from relying on petitioner's attempted re-entry as basis for his removal when border patrol agents had arrested petitioner and escorted him by bus to Mexico despite petitioner's pending asylum claim); *Villena v. INS*, 622 F.2d 1352, 1361 (9th Cir.1980) (INS estopped from claiming that petitioner failed to pursue his claim for a visa preference classification in light of unjustified four-year delay in adjudicating the petition); *Sun Il Yoo v. INS*, 534 F.2d 1325, 1328 (9th Cir.1976) (unjustified, unexplained one-year delay in processing petitioner's visa status preference application was "the kind of 'affirmative misconduct' on the Government's part that cannot be employed to penalize an alien who appears to have always acted in good faith.").

However, we have also made clear that mere negligence by the government will not support a finding of affirmative misconduct. *Cortez–Felipe v. INS*, 245 F.3d 1054, 1057 (9th Cir.2001) (INS's failure to file order to show cause in time for petitioner to avoid impact of subsequent statutory changes was not affirmative misconduct, even though the INS had assured the petitioner it would do so); *Sulit v. Schiltgen*, 213 F.3d 449, 454 (9th Cir.2000) ("Neither the failure to inform an individual of his or her legal rights nor the negligent provision of misinformation constitute affirmative misconduct."); *Mukherjee v. INS*, 793 F.2d 1006, 1009 (9th Cir.1986) (no affirmative misconduct and government not estopped from enforcing two year residence requirement despite consular official's incorrect advice to petitioner that he was exempt); *Santiago v. INS*, 526 F.2d 488, 493 (1975) (en banc) (immigration officer's failure to inform immigrants that they could not lawfully enter if unaccompanied by their spouses did not rise to the level of affirmative misconduct).

In the present case, it appears the INS acted unreasonably, even negligently, by relying on Washington's September 1992 letter to withdraw his permanent residence application. Nevertheless, the INS properly notified Washington that the application had been withdrawn and that no further action would be taken. Washington did not thereafter dispute the INS's withdrawal of his application nor attempt to have the application reinstated, apparently

in the mistaken belief that he could not concurrently pursue both asylum and permanent resident status. Washington's reliance on the INS's erroneous interpretation of his letter is not, however, sufficient to justify equitable estoppel. *Sulit,* 213 F.3d at 454; *Mukherjee,* 793 F.2d at 1009. We conclude that the INS's withdrawal of Washington's permanent resident application amounted to no more than negligence and is insufficient to warrant estoppel.

## PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.