**Christina MANTA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74623.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2008.

Filed Jan. 16, 2008.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

628

Pieter D. Speyer, Esq., Law Office of Pieter Speyer, La Jolla, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Jennifer L. Lightbody, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS and M. SMITH, Circuit Judges, and HOLLAND,* District Judge.

MEMORANDUM **

Petitioner Christina Manta, a citizen of Greece, was admitted to the United States in February 1999 as a non-immigrant visitor and remained in the United States well after August 12, 1999, the date her visa expired. Manta claims that she filed an application for an extension of stay because her daughter, who was born after Manta came to the United States, could not travel due to medical problems. This application was never adjudicated by the Department of Homeland Security (DHS). In October 2003, Manta was charged as removable under 8 U.S.C. § 1227(a)(1)(B) for overstaying her visa. She contested her removability and, in the alternative, requested voluntary departure under 8 U.S.C. § 1229c(a) and (b). The Immigration Judge (IJ) concluded that Manta was removable and denied her request for voluntary departure. The Board of Immigration Appeals (BIA) dismissed Manta's appeal, and Manta filed this petition for review.

In her petition for review, Manta contends that the BIA erred in concluding that DHS was not estopped from removing her, that the IJ's decision to admit certain evidence at her merits hearing deprived her of due process and her Sixth Amendment right of confrontation, and that the IJ deprived either her or her daughter of due process by failing to appoint legal representation for her daughter. We deny Manta's petition for review.

Since the parties are familiar with the facts of this case, we do not separately recount them here. We have jurisdiction to review Manta's final order of removal under 8 U.S.C. § 1252(a), and we review de novo the constitutional claims and questions of law raised in Manta's petition. *Camins v. Gonzales,* 500 F.3d 872, 876 (9th Cir.2007); *Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1166 (9th Cir.2004) (citing *Lopez–Urenda v. Ashcroft,* 345 F.3d 788, 791 (9th Cir.2003)).

■ The BIA correctly concluded that DHS was not estopped from removing Manta. The government may be subject to equitable estoppel in an immigration case if, in addition to meeting the traditional elements of estoppel, "it has engaged in affirmative misconduct" and the "potential injustice to [the person asserting estoppel] outweighs the possibility of damage to the public interest." *Salgado–Diaz v. Gonzales,* 395 F.3d 1158, 1165–66 (9th Cir.2005) (citations omitted). Affirmative misconduct requires "more than

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

negligence" and "unexplained delay" is insufficient. *Jaa v. INS,* 779 F.2d 569, 572 (9th Cir.1986); *see Cortez–Felipe v. INS,* 245 F.3d 1054, 1057 (9th Cir.2001). Nothing in the record supports that DHS's failure to decide Manta's application for an extension of her stay before initiating removal proceedings was anything more than negligence.

██ It is not clear whether Manta is also raising a due process claim as a result of DHS's initiation of removal proceedings while her application for an extension of stay was pending. If so, this claim has no merit. *See Bowes v. Dist. Dir.,* 443 F.2d 30, 31 (9th Cir.1971) (rejecting an alien's due process claim and stating that "[t]he pendency of an application for immigration status ... does not entitle an alien [who overstayed her visa] to a delay in deportation proceedings"). It is within DHS's sole discretion to decide when and whether to commence removal proceedings. *Cortez–Felipe,* 245 F.3d at 1057 (citation omitted).

██ We also conclude that the IJ did not deprive Manta of due process or her Sixth Amendment right of confrontation by admitting into evidence an unsubstantiated internet posting claiming that Manta used several aliases and was wanted for crimes of fraud in Greece. Although "[t]he rules of evidence are not applicable to immigration hearings," immigration proceedings must conform to the Fifth Amendment's requirement of due process. *Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 370 (9th Cir.2003). In other words, the alien must receive a "full and fair hearing" of her claims and a reasonable opportunity to present evidence on her behalf. *Salgado–Diaz,* 395 F.3d at 1162 (citation omitted). If a due process violation does occur, the alien must demonstrate "that [s]he was prejudiced by the violation." *Id.* (citation omitted). The IJ's

admission of an unauthenticated hearsay document did not deprive Manta of due process. The IJ gave Manta ample opportunity to present evidence on her own behalf and to present her claims. Moreover, the IJ repeatedly stated that the document had very little value and that he would give it "very little, if any, weight."

██ We need not address Manta's claim under the Sixth Amendment. The Sixth Amendment applies only to criminal proceedings and a removal proceeding is a civil proceeding. *Lara–Torres v. Ashcroft,* 383 F.3d 968, 973 (9th Cir.2004). Although Fifth Amendment due process requires that "aliens be given a reasonable opportunity to confront and cross-examine witnesses," *Hernandez–Guadarrama v. Ashcroft,* 394 F.3d 674, 681 (9th Cir.2005), Manta never develops this argument and the record does not show that she was denied the right to confront any witnesses at any hearing before the IJ.

██ Finally, the IJ did not deprive Manta or her daughter of due process by failing to appoint legal representation for Manta's daughter. Manta's daughter was not a party to the proceedings, and Manta has not set forth any law requiring an IJ to appoint counsel on the child's behalf. Indeed, as Manta admits, the Immigration and Nationality Act does not provide for legal representation of child who is a citizen of the United States in the immigration proceedings of the child's alien parent. We also note that Manta was represented by counsel at her merits hearing and her counsel repeatedly invoked the interests of Manta's daughter when arguing against Manta's removal.

Manta's petition for review is DENIED.