**Calvin GRANT, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70659.
INS No. A73–841–819.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2002.

Decided Oct. 1, 2002.

courts of this circuit except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

Calvin Grant, a citizen of Belize, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying cancellation of removal under § 304(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1229b.

■ The BIA properly held that Grant was ineligible for cancellation of removal because he failed (by one or two months) to meet the ten-year continuous residence requirement of IIRIRA, 8 U.S.C. § 1229b(b)(1)(A). Grant argues that he should be allowed to apply for suspension of deportation under pre-IIRIRA procedures, which required only seven years of continuous residence. *See* 8 U.S.C. § 1254 (1994). But Grant's removal proceedings were commenced by service of a notice to appear after the effective date of IIRIRA, April 1, 1997. Under IIRIRA, suspension of deportation was replaced by cancellation of removal, with its ten-year residence requirement, and the ten years ceases to accrue once a notice to appear is served. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 597–98 (9th Cir.2002).

■ Grant points out that, prior to the effective date of IIRIRA, he would have qualified under the previous seven-year requirement, and that application of the ten-year rule to him is impermissibly retroactive and violates due process. He relies on *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). *St. Cyr*, however, involved aliens who pleaded guilty in reliance on the availability of suspension of deportation and its seven-year requirement. Grant took no such action in reliance, and it does not violate

Before LAY,* CANBY and PAEZ, Circuit Judges.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

due process to apply the ten-year requirement to him. *See Jimenez–Angeles,* 291 F.3d at 602.[1]

■ Finally, Grant argues that we should remand for the Attorney General to close proceedings and reopen after the ten-year period has run. He did not raise this argument before the BIA and we therefore cannot consider it. *See Vargas v. INS,* 831 F.2d 906, 907–08 (1987). In any event, we lack jurisdiction to review a decision by the Attorney General to commence proceedings. 8 U.S.C. § 1252(g); *see Jimenez–Angeles,* 291 F.3d at 598–99; *Cortez–Felipe v. INS,* 245 F.3d 1054, 1057 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

---

1. We find no merit in Grant's additional argument that removal violates his constitutional right to raise his own children.

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.