Juan CARRILLO–MALDONADO, et al., Petitioners,

v.

John D. ASHCROFT, U.S. Attorney General, Respondent.

Nos. 02–70539, INS A75–301–509, INS A75–301–510.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2003.*

Decided Feb. 5, 2003.

Before SCHROEDER, Chief Judge, NOONAN and CLIFTON, Circuit Judges.

## MEMORANDUM **

Juan Carrillo–Maldonado and Marina Hernandez–Vega, natives and citizens of Mexico, appeal the BIA's final order of removal. The BIA found that because the charging document was not filed until after April 1, 1997, they were no longer statutorily eligible for the pre-Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") remedy of suspension of deportation but instead could only seek cancellation of removal under IIRIRA. Petitioners argue that because they filed their asylum application before April 1, 1997, they had settled expectations of being placed in deportation proceedings rather than removal proceedings. Mr. Carrillo–Maldonado also challenges the denial of voluntary departure (which was based on

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the IJ's and BIA's finding of dishonest testimony). We have jurisdiction under 8 U.S.C. § 1252(b). We deny the petition.

■ This case is not distinguishable from *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594 (9th Cir.2002). Settled expectations that an INS action will commence upon the denial of an asylum application do not equate to settled expectations as to *when* it will commence. The BIA correctly held that the INS action commenced upon the filing of the charging document, the NTA. *See Jimenez–Angeles*, 291 F.3d at 600 (comparing 8 C.F.R. § 242.1(a) (1997) (pre-IIRIRA) with 8 C.F.R. § 239.1(a) (2002) (post-IIRIRA)); *see also Cortez–Felipe v. INS*, 245 F.3d 1054, 1056 (9th Cir.2001) (noting that before IIRIRA, deportation proceedings commenced upon filing of an OSC, and after April 1, 1997, removal proceedings commenced with an NTA). Accordingly, given that the INS did not file the NTA until April 20, 1998, the BIA petitioners could not apply for suspension of deportation since, after April 1, 1997, that relief was no longer available. *Cf. Uspango v. Ashcroft*, 289 F.3d 226, 230 (3d Cir.2002) (rejecting a similar argument by an alien who filed for asylum before April 1, 1997 and claimed settled expectations of being placed in deportation proceedings).

■ We also reject petitioners' due process challenge to application of IIRIRA, which essentially recasts the settled expectations argument in due process jargon. Since no settled expectations were frustrated, as discussed above, there is no colorable due process claim. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) ("[A] petitioner must allege at least a colorable constitutional violation.... To be colorable ... the claim must have some possible validity.") (citation and quotation marks omitted); *San-*

*chez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001) (same).

■ Finally, we reject Mr. Carrillo–Maldonado's challenge to denial of voluntary departure. IIRIRA eliminated judicial review of the BIA's discretionary denials of voluntary departure. *See Beltran–Tirado v. INS*, 213 F.3d 1179, 1182 (9th Cir.2000); *Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1165 (9th Cir.2002) (*citing* 8 U.S.C. § 1252(a)(2)(B)).

Petitioner contends that since a "decision by the BIA or an [IJ] that denies due process is not one that involves the exercise of discretion, the prohibition against judicial review ... does not apply ..." *Torres–Aguilar*, 246 F.3d at 1270 (*citing Larita–Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir.2000)). This much is true, but "a petitioner may not create jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb ... Thus, to invoke our jurisdiction, a petitioner must allege at least a colorable constitutional violation." *Torres–Aguilar*, 246 F.3d at 1271.

Here, Carrillo–Maldonado takes issue with the admission of an FBI printout which showed that petitioner had been arrested on two occasions; he asserts that it was statutorily inadmissible evidence under 8 U.S.C. § 1229a(c)(3)(B), and, therefore, he was denied due process because the IJ's finding of dishonesty was based on this impermissible evidence. But § 1229a(c)(3)(B) only sets the standard for evidence used to prove *convictions* used by the government in deportation proceedings, and, as the BIA noted, the FBI printout was only used to impeach by showing that petitioner had been *arrested* not convicted. Accordingly, since Mr. Carrillo–Maldonado's evidentiary complaint is meritless, he cannot establish the "possible validity" required to make out a colorable

claim. *See Torres–Aguilar,* 246 F.3d at 1271 (petitioner's due process argument "is nothing more than an argument that the Board abused its discretion, a matter over which we have no jurisdiction.").

For the foregoing reasons, we DENY the petition for review.

---

* This disposition is not appropriate for publication and may not be cited to except as provided by Ninth Circuit Rule 36–3.