Rafael ORTEGA–CORTEZ;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–70332.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 [*].

Filed April 23, 2007.

Rafael Ortega–Cortez, Riverside, CA, pro se.

Martha Sanchez–De Ortega, Riverside, CA, pro se.

Ana Leticia Ortega–Sanchez, Riverside, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John R. Cunningham, Esq. Fax, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC,

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Saul E. Greenstein, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Rafael Ortega–Cortez and Martha Sanchez De Ortega, husband and wife, and their daughter, Ana Leticia Ortega Sanchez, all natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision denying their motion to reopen removal proceedings. To the extent we have jurisdiction it is under 8 U.S.C. § 1252. We review constitutional challenges de novo, *Ram v. INS*, 243 F.3d 510, 517 (9th Cir. 2001), and review denial of petitioners' motion for abuse of discretion, *see Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), amended by 404 F.3d 1105 (9th Cir.2005). We dismiss in part and deny in part the petition for review.

Ortega–Cortez and Sanchez De Ortega contend that the BIA erred when it affirmed the immigration judge's ("IJ") hardship determination. We lack jurisdiction to review this discretionary determination. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

Ortega Sanchez contends that the BIA abused its discretion and violated due process and equal protection when it affirmed the IJ's decision to pretermit her application for cancellation of removal because she lacked a qualifying relative. We disagree. Her argument that the government should have issued an order to show cause rather than a notice to appear under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, is foreclosed by *Cortez–Felipe v. INS*, 245 F.3d 1054, 1057 (9th Cir.2001) ("The Attorney General has discretion regarding when and whether to initiate deportation proceedings."). Her constitutional arguments are foreclosed by *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 979 (9th Cir.2006) (due process), and *Ram*, 243 F.3d at 517 (equal protection).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

