**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIX CCAIHUARI-HOYOS, | No. 07-74383 |
| Petitioner, | Agency No. A070-455-619 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Felix Ccaihuari-Hoyos, a native and citizen of Peru, petitions for review of

the Board of Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") removal order.  Our jurisdiction is governed by 8 U.S.C. § 1252.

We review de novo legal questions and due process challenges.  *Vasquez-Zavala v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Ashcroft,* 324 F.3d 1105, 1107 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Ccaihuari-Hoyos's contention that the government should be estopped from placing him in removal proceedings rather than deportation proceedings is not persuasive. Ccaihuari-Hoyos has not shown that the Immigration and Naturalization Service ("INS") engaged in affirmative misconduct when it waited six years between issuing him an Order to Show Cause and lodging a Notice To Appear with the immigration court. *See Cortez-Felipe v. INS,* 245 F.3d 1054, 1057 (9th Cir. 2001) (holding that estoppel may be warranted against the government on account of affirmative misconduct, but not negligence).

We lack jurisdiction to consider Ccaihuari-Hoyos's contention regarding the IJ's duty to hold an evidentiary hearing because he did not raise that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.

07-74383