NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 3 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANACELI CUEVAS PEREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-602

Agency No.
A074-429-305

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2023
Pasadena, California

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

Petitioner Anaceli Cuevas Perez petitions for review of a Board of

Immigration Appeals ("Board") decision dismissing her appeal of an immigration

judge's denial of her motion to reopen. Ms. Cuevas Perez was ordered removed *in

absentia* when she did not appear at a removal hearing in October 1996. We have

jurisdiction under 8 U.S.C. § 1252(a), and we review for an abuse of discretion the

denial of a motion to reopen. *Singh v. Gonzales*, 412 F.3d 1117, 1120 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

2005). We deny the petition.

To remove a noncitizen *in absentia* under the former Immigration and Nationality Act ("INA"),[1] the government must "establish[] by clear, unequivocal, and convincing evidence" that it gave the noncitizen written notice of the hearing. 8 U.S.C. § 1252b(c)(1) (1994); *Chaidez v. Gonzales*, 486 F.3d 1079, 1087 (9th Cir. 2007). The "written notice" must "be given in person to the [noncitizen] (or, if personal service is not practicable, . . . by certified mail to the [noncitizen] or to the [noncitizen]'s counsel of record, if any)[.]" 8 U.S.C. § 1252b(a)(1), (a)(2)(A) (1994).[2] Notice by certified mail of an order to show cause is proper only if "the return receipt was signed by the [noncitizen] or a responsible person at the [noncitizen]'s address." *Chaidez*, 486 F.3d at 1085. "The statute clearly place[s] the evidentiary burden of demonstrating proper OSC service on the government, and by a heightened evidentiary standard." *Id.* at 1086.

At any time after an immigration judge enters an *in absentia* removal order, a noncitizen may move to reopen and rescind the order if she "demonstrates that [she] did not receive notice in accordance with" the written notice requirement in § 1252b(a)(2). 8 U.S.C. § 1252b(c)(3)(B) (1994). This burden is substantially

---

[1] The pre-1996 version of the INA applies to this case because Ms. Cuevas Perez's proceedings commenced before April 1, 1997. *See Cortez-Felipe v. I.N.S.*, 245 F.3d 1054, 1056 (9th Cir. 2001).

[2] Section 1252b(a)(1) governs orders to show cause, and § 1252b(a)(2) governs hearing notices. Ms. Cuevas Perez's hearing notice was not issued as a separate notice; it was included with the order to show cause.

lower than the government's initial burden. Here, however, Ms. Cuevas Perez failed to allege that she did not receive notice in accordance with the statute. The government sent the order to show cause to Ms. Cuevas Perez's address, and a person named "Teresa Valdez" signed the return receipt. In her declaration filed with her motion to reopen, Ms. Cuevas Perez merely stated that she "never received any notice" of the removal hearing. But she did not assert that Ms. Valdez was not a responsible person. She did not, for example, deny knowing Ms. Valdez, deny that Ms. Valdez lived at the address, or deny that Ms. Valdez was authorized to sign for Ms. Cuevas Perez. In fact, Ms. Cuevas Perez did not even acknowledge the name on the return receipt.[3] Thus, the Board did not abuse its discretion by holding that Ms. Cuevas Perez failed to "establish[] that [Ms. Valdez] was not a 'responsible person' for the purpose of perfecting service."

**DENIED.**

---

[3] For the first time on appeal to the Board, Ms. Cuevas Perez filed a declaration from Ms. Valdez. The Board did not err by declining to consider it. *See Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019) ("The Board is . . . 'an appellate body whose function is to review, not to create, a record.'" (quoting *In re Fedorenko*, 19 I & N Dec. 57, 74 (BIA 1984))). Even so, Ms. Valdez's declaration also does not contend that she was not a responsible person; it instead states that she never gave Ms. Cuevas Perez the order to show cause.

3                                                                 21-602