**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAULINA ARELLANO SOTO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-1517<br><br>Agency No.<br>A208-817-128<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2025**
Pasadena, California

Before: SCHROEDER, MILLER, and DESAI, Circuit Judges.

Paulina Arellano Soto, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals decision denying her motion to remand and

dismissing her appeal from an immigration judge's order denying her application

for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the petition.

In her opening brief, Arellano Soto noted that the Supreme Court was considering whether courts of appeals have jurisdiction to review the Board's determination that an applicant for cancellation of removal has not established the requisite exceptional and extremely unusual hardship. After the brief was filed, the Court answered that question in the affirmative. *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). But Arellano Soto has not presented any challenge to the merits of the Board's determination—either in her opening brief or in any other manner. Any such challenge is therefore forfeited. *See Hernandez-Oritz v. Garland*, 32 F.4th 794, 805 (9th Cir. 2022).

Instead, Arellano Soto addresses only the Board's denial of her motion to remand her removal proceedings to allow the Department of Homeland Security (DHS) to consider a favorable exercise of prosecutorial discretion. "We review the [Board's] denial of a motion to remand using the abuse-of-discretion standard." *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023).

The Board did not abuse its discretion in denying the motion to remand. As the Board explained, DHS has discretion whether to initiate or dismiss deportation proceedings, and the Board does not have authority to review DHS's exercise of that discretion. *Cortez-Felipe v. INS*, 245 F.3d 1054, 1057 (9th Cir. 2001); *see also In re G-N-C*, 22 I. & N. Dec. 281, 284 (B.I.A. 1998).

Arellano Soto does not challenge that rationale and instead argues that the Board should have granted her motion to remand to allow administrative closure. But she did not seek administrative closure in her motion to remand before the Board. The issue has therefore not been exhausted. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); 8 U.S.C. § 1252(d)(1). Although Arellano Soto later raised administrative closure in a separately filed motion before the Board, the Board denied that motion, and Arellano Soto acknowledges that she has not sought review of that decision.

The government's unopposed motion for judicial notice (Dkt. No. 22) is granted.

**PETITION DENIED.**